**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10259 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01871-SRB |
| v. | |
| ROSARIO GUADALUPE RABAGO-PALMA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Linda R. Reade, District Judge, Presiding[**]

Submitted April 22, 2015[***]

Before:      GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Rosario Guadalupe Rabago-Palma appeals from the district court's judgment

and challenges the 70-month sentence imposed following his guilty-plea

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa, sitting by designation.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rabago-Palma contends that the district court procedurally erred by failing to adjust his sentence to account for time served on his state forgery conviction. We disagree. Because Rabago-Palma had completed the state term of imprisonment at the time of sentencing on the instant offense, he was not entitled to an adjustment under U.S.S.G. § 5G1.3 (2011), which applies when the defendant is subject to an "undischarged term of imprisonment." Moreover, we do not review for procedural correctness the district court's decision not to depart downward under Application Note 4 to section 5G1.3 or under section 5K2.23. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011).

Rabago-Palma also contends that his sentence is substantively unreasonable in light of the staleness of his prior conviction and because of the court's failure to depart downward to account for the time served on his state forgery conviction. The district court did not abuse its discretion in imposing Rabago-Palma's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 70-month sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rabago-Palma's criminal and immigration history. *See Gall*, 552 U.S. at

Moreover, the court was aware of the amount of time Rabago-Palma served on the state conviction and reasonably exercised its discretion to decline to depart downward on that basis in light of the circumstances of this case.

**AFFIRMED.**